1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11    SEAN STEPHENS,                          Case No. 2:22-cv-09039-FLA (RAOx)

12                        Plaintiff,
                                               **ORDER TO SHOW CAUSE WHY**
13          v.                                 **ACTION SHOULD NOT BE**
                                               **REMANDED FOR LACK OF**
14                                             **SUBJECT MATTER JURISDICTION**
      FCA US, LLC, et al.,
15
                          Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    Federal courts are courts of "limited jurisdiction," possessing only "power

2  authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of*

3  *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to

4  lack jurisdiction unless the contrary appears affirmatively from the record.  *See*

5  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal

6  courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the

7  merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

8    A suit filed in a state court may be removed to federal court if the federal court

9  would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal

10  courts have original jurisdiction where an action presents a federal question under 28

11  U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.

12  Accordingly, a defendant may remove an action from state court to federal court

13  pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of a federal

14  question or diversity jurisdiction.  Of relevance here, claims filed under the

15  Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the

16  amount in controversy is equal to or greater than "the sum or value of $50,000

17  (exclusive of interests and costs) computed on the basis of all claims to be determined

18  in this suit."  28 U.S.C. § 2310(d)(3)(B); *Khachatryan v. BMW of N. Am., LLC*, Case

19  No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

20    Courts strictly construe the removal statute against removal jurisdiction, and

21  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

22  in the first instance."  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The

23  party seeking removal bears the burden of establishing federal jurisdiction.  *Id*.  Thus,

24  a notice removing an action from state court to federal court must include "a plausible

25  allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*

26  *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the

27  plaintiff contests, or the court questions, the defendant's allegation" concerning the

28  amount in controversy, "both sides [shall] submit proof," and the court may then

1   decide whether the defendant has proven the amount in controversy "by a

2   preponderance of the evidence." *Id.* at 88–89.

3          The court has reviewed the Notice of Removal and is presently unable to

4   conclude it has subject matter jurisdiction.  In particular, and without limitation, the

5   court finds that the allegations in Defendant's Notice of Removal do not demonstrate

6   by a preponderance of the evidence that the amount in controversy exceeds $50,000.

7          The parties are ORDERED TO SHOW CAUSE, in writing only, within

8   fourteen (14) days from the date of this Order, why this action should not be remanded

9   for lack of subject matter jurisdiction because the amount in controversy does not

10   exceed the jurisdictional threshold.  The parties are encouraged to submit evidence

11   and/or judicially noticeable facts in response to the court's Order.  Responses shall be

12   limited to ten (10) pages in length.  The parties should consider this Order to be a two-

13   pronged inquiry into the facial and factual sufficiency of Defendant's demonstration

14   of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

15          As Defendant is the party asserting federal jurisdiction, Defendant's failure to

16   respond timely and adequately to this Order shall result in remand of the action

17   without further notice.

18

19          IT IS SO ORDERED.

20

21   Dated: July 24, 2023

22

23                                         _____

24                                         FERNANDO L. AENLLE-ROCHA
                                           United States District Judge

25

26

27

28

3