1
2
3
4
5
6
7

JS-6

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11   SEAN STEPHENS,                    Case No. 2:22-cv-09039-FLA (RAOx)

12                      Plaintiff,
                                       **ORDER REMANDING ACTION FOR**
13          v.                         **LACK OF SUBJECT MATTER**
                                       **JURISDICTION**
14
     FCA US, LLC, et al.
15
                       Defendants.
16

17
18
19
20
21
22
23
24
25
26
27
28

1

**RULING**

On September 12, 2022, Plaintiff Sean Stephens initiated this action against Defendants FCA US, LLC ("FCA") and Santa Monica Motor Group in state court. Dkt. 1-3. On December 14, 2022, Plaintiff dismissed his claims under the California Song-Beverly Consumer Warranty Act, leaving three remaining causes of action, including a claim under the Magnusson-Moss Warranty Act. Dkt. 1-4. Plaintiff seeks actual damages, civil penalties, attorney's fees, and punitive damages. *Id.*

On December 14, 2022, FCA removed the action to this court based on federal question jurisdiction. Dkt. 1 ("NOR"). In its Notice of Removal, FCA alleges the court has federal question jurisdiction based on Plaintiff's Magnuson-Moss claims. *Id.* On July 24, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 30. Both Plaintiff and FCA filed responses on August 7, 2023. Dkts. 32-33. Santa Monica Motor Group did not respond.

Having reviewed FCA's Notice of Removal and the responses to this court's order to show cause, and for the following reasons, the court finds FCA fails to establish federal question jurisdiction and accordingly REMANDS the action.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.

1  §§ 1331, 1332(a).  Accordingly, a defendant may remove a case from state court to

2  federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of

3  federal question or diversity jurisdiction.  Courts strictly construe the removal statute

4  against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any

5  doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d

6  564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing

7  federal jurisdiction.  *Id.*

8         A notice removing an action from state court to federal court must include "a

9  plausible allegation that the amount in controversy exceeds the jurisdictional

10  threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

11  (2014).  Where "the plaintiff contests, or the court questions, the defendant's

12  allegation" concerning the amount in controversy, "both sides [shall] submit proof,"

13  and the court may then decide whether the defendant has proven the amount in

14  controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal jurisdiction

15  must be rejected if there is any doubt as to the right of removal in the first instance."

16  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

17         Of relevance here, claims filed under the Magnuson-Moss Warranty Act do not

18  trigger federal question jurisdiction unless the amount in controversy is equal to or

19  greater than "the sum or value of $50,000 (exclusive of interests and costs) computed

20  on the basis of all claims to be determined in this suit."  28 U.S.C. § 2310(d)(3)(B);

21  *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL

22  927266, at *2 (C.D. Cal. Mar. 10, 2021).

23         The issue here is whether the amount of money Plaintiff places in controversy is

24  sufficient.  The Magnuson-Moss Warranty Act allows consumers to bring suits for

25  "damages and other legal or equitable relief" when a supplier fails to comply with an

26  obligation under a written or implied warranty.  15 U.S.C. § 2310(d)(1).  Courts

27  analyze the amount in controversy under Magnusson-Moss using the same principles

28  used to analyze the amount in controversy for purposes of diversity jurisdiction.  *See*

1   *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is

2   nothing in the text of the Magnuson-Moss Act that would indicate that the amount in

3   controversy for the statute is assessed any differently than the diversity jurisdiction

4   requirement found in 28 U.S.C. § 1332.").  The Magnuson-Moss Act does not specify

5   the appropriate measure and type of damages that are available, so "a number of

6   courts, including the Ninth Circuit, have turned to the applicable state law to

7   determine which remedies are available under the Act, which of necessity informs the

8   potential amount in controversy." *Id.* at 1239.  Here, the applicable state warranty law

9   is the Song-Beverly Act.  Accordingly, the court determines whether the remedies

10   available to Plaintiff under the Song-Beverly Act are sufficient to place at least

11   $50,000 in controversy.

12          **A.     Actual Damages**

13          The first remedy at issue is actual damages.  Under the Song-Beverly Act, the

14   buyer of a vehicle may recover "in an amount equal to the actual price paid or payable

15   by the buyer," reduced by an amount "directly attributable to use by the buyer."  Cal.

16   Civ. Code § 1793.2(d)(2)(B)–(C).  This reduction, also known as a mileage offset,

17   reduces the buyer's recovery by an amount directly proportional to the number of

18   miles driven, with each mile driven reducing the purchase price by 1/120,000.  *See id.*

19   § 1793.2(d)(2)(C).

20          Here, FCA argues Plaintiff's prayer for actual damages places $48,605 in

21   controversy, based on a purchase price of $38,500, in addition to what FCA asserts

22   Plaintiff would have paid in insurance premiums ($3,000–8,000) and DMV fees

23   ($2,105) over five years.  Dkt. 32 at 9.  The court declines to consider FCA's

24   speculation regarding insurance premiums and DMV fees.  FCA has presented no

25   evidence of either other than Plaintiff's DMV fees at the time of purchase ($403).

26   Additionally, in its Notice of Removal, FCA estimated the offset as $5,643, which

27   Plaintiff contests as inaccurate.  *See* NOR at 9-10; Dkt. 33 at 6-8.  Even assuming for

28   purposes of this order, without making any related legal or factual determinations, that

4

1   the actual damages Plaintiff might recover are $33,260 ($38,500 purchase price with a

2   minimum $5,643 offset, plus $403 in DMV fees), FCA cannot meet its burden to

3   show over $50,000 in controversy.

4        FCA argues there are three additional damages categories bringing the amount

5   in controversy to over $50,000: civil penalties, attorney's fees, and punitive damages.

6   For the following reasons, however, FCA fails to demonstrate the amount in

7   controversy under any of these categories brings this action past the jurisdictional

8   threshold.

9        **B.    Civil Penalties**

10       FCA's inclusion of civil penalties to establish the amount in controversy is

11   highly speculative and insufficient to meet its burden.  "A plaintiff who establishes

12   that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of

13   up to two times the amount of actual damages."  *See* Cal. Civ. Code § 1794(c).

14   However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be

15   assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022

16   WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant

17   provided no specific argument or evidence for including a civil penalty in the amount

18   in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 19-cv-151-CAB-MDD,

19   2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)).  Instead, district courts regularly

20   find that a Song-Beverly Act plaintiff's boilerplate allegations regarding a defendant's

21   willfulness are, without more, insufficient to place civil penalties in controversy.

22   *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249,

23   at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's

24   inclusion of civil penalties to establish amount in controversy was "too speculative

25   and not adequately supported by the facts and evidence.").  This is because "[s]imply

26   assuming a civil penalty award is inconsistent with the principle that the defendant

27   must provide evidence that it is more likely than not that the amount in controversy

28   requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 18-cv-

03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation

marks removed); *see Zawaideh v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA

(PDx), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must

make some effort to justify the assumption."); *see also Khachatryan*, 2021 WL

927266 at *2.

 Here, FCA offers no argument or evidence supporting the potential awarding of

civil penalties.  Defendant also fails to prove "that it is reasonable to double the

amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021

WL 2208578, at *2.  This is insufficient.

### C. Punitive Damages

 FCA's inclusion of punitive damages is likewise speculative and insufficient to

meet its burden.  "[T]he mere possibility of a punitive damages award is insufficient

to prove that the amount in controversy requirement has been met." *Ogden v.*

*Dearborn Life Ins. Co.*, --- F. Supp. 3d. ---, 2022 WL 17484616, at *3 (D. Ariz. 2022).

"Defendant must present appropriate evidence, such as jury verdicts in analogous

cases, to show that a claim for punitive damages establishes that it is more likely than

not that the amount in controversy exceeds [the jurisdictional minimum]." *Id.*  This

involves "articulat[ing] why the particular facts that are alleged in the instant action

might warrant extraordinary punitive damages." *Id.* (quoting *Haisch v. Allstate Ins.*

*Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

 Here, FCA again offers no argument or evidence supporting the potential

awarding of punitive damages.  FCA, therefore, fails in its burden.

### D. Attorney's Fees

 FCA's inclusion of attorney's fees to establish the amount in controversy,

likewise, is speculative and insufficient to meet its burden.  In the Ninth Circuit,

attorney's fees awarded under fee-shifting statutes may be considered in assessing the

jurisdictional threshold.  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644,

649 (9th Cir. 2016).  But, before doing so, a removing defendant must "prove that the

1    amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold

2    by a preponderance of the evidence," and must "make this showing with summary-

3    judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,

4    795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include

5    future attorneys' fees in the amount in controversy if the defendant fails to satisfy this

6    burden of proof." *Id.*

7         "While a defendant may meet its burden to establish a reasonable estimate of

8    attorneys' fees by identifying awards in other cases, those cases must be similar

9    enough to the case at hand that the court can conclude that it is more likely than not

10   that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*,

11   Case No. 21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24,

12   2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL

13   2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the

14   [Song-Beverly] Act settle early.").  Moreover, a defendant fails to show attorney's

15   fees are part of the amount in controversy where it "makes no effort to explain what

16   amount of attorney fees might be sought or awarded in this case, neglecting to include

17   so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA*

18   *US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D.

19   Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx),

20   2020 WL 4219614, at *3 (C.D. Cal. July 22, 2020).

21        FCA fails in its burden with respect to attorney's fees.  It cites to one case in

22   which the trial court awarded attorney's fees in an amount of $39,402 (Dkt. 32 at 15),

23   and five cases where Plaintiff's counsel has *sought* attorney's fees between $35,000 to

24   $50,000 (NOR at 7-8).  Defendant, however, fails to explain how this action is similar

25   to cases where courts may have awarded high attorney's fees, beyond noting they also

26   involved Song-Beverly Act or Magnusson-Moss Act claims.  *See id.*  Further, FCA

27   does not provide or substantiate reasonable lodestar estimates for a potential statutory

28   attorney's fee award in this action.  *D'Amico*, 2020 WL 2614610, at *4.

Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction involving Song-Beverly Act or Magnusson-Moss Act claims must assume that the upper extreme of attorney's fee awards granted in other Song-Beverly Act or Magnusson-Moss Act cases must be included in the amount in controversy.  If this were the law, district courts would be unable to remand these cases for insufficient amounts in controversy.  District courts, however, regularly do so.  *See, e.g., D'Amico*, 2020 WL 2614610; *Sood v. FCA US, LLC*, Case No. 2:21-cv-04287-RSWL (SKx), 2021 WL 4786451 (C.D. Cal. Oct. 4, 2021); *Vega*, 2021 WL 3771795, at *3; *Garcia*, 2020 WL 4219614, at *3.

## CONCLUSION

For the aforementioned reasons, the court finds that FCA has failed to demonstrate that the amount in controversy exceeds $50,000 as required by the Magnuson-Moss Act.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 22STCV29679.  All dates and deadlines in this court are VACATED.  Defendant FCA's Motion for Judgment on the Pleadings (Dkt. 27) is DENIED as MOOT.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 9, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge